UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 17, 2022

SEAN F. McAVOY, CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:22-CR-02109-SAB-1 |
| Plaintiff, | ORDER DENYING THE UNITED STATES' MOTION FOR DETENTION |
| v. | |
| GREGORIO CANTU, | ECF No. 15 |
| Defendant. | |

On Tuesday, November 15, 2022, the Court conducted a hearing on the United States' Motion for Detention (ECF No. 15). Defendant was represented by court-appointed attorney Greg Scott. Assistant United States Attorney Frances Walker represented the United States. With Defendant's consent, Defendant appeared by video from Yakima, Washington.

The Court has considered the Indictment (ECF No. 1), the Pretrial Services Report (ECF No. 32), and the arguments of counsel.

The United States contended that if released, Defendant would present both a risk of nonappearance and a danger to the safety of the community. Defendant, through counsel, contended there are conditions the Court could impose that would reasonably assure his appearance as required and the safety of the community if released.

The United States' Motion for Detention invoked the presumption for

ORDER - 1

detention pursuant to 18 U.S.C. § 3142(f)(1)(A).  ECF No. 15.  However, at a co-defendant's arraignment hearing, the Court heard arguments from the co-defendant and the United States and subsequently determined that neither 18 U.S.C. § 3142(f)(1)(A) nor 18 U.S.C. § 2332b(g)(5)(B) are applicable to this case.  ECF No. 33.  However, the United States proffered that Defendant and codefendant have exchanged threats between one another, and the Court finds that this proffer satisfies the prima facie requirements to hold a detention hearing pursuant to 18 U.S.C. § 3142(f)(2).  *Id*.  With the prima facie requirements of § 3142(f)(2)(B) satisfied, the issue before the Court is "whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f).

The Court has evaluated the four factors outlined in 18 U.S.C. § 3142(g) to determine whether there are conditions of release that would reasonably assure Defendant's appearance in court and the safety of the community: (1) the nature and circumstances of the offense; (2) the weight of evidence against Defendant; (3) the history and characteristics of Defendant; and (4) the nature and seriousness of the danger Defendant would present to the community if released.

As to the first factor, Defendant is charged with two counts of setting fire to local businesses in violation of 18 U.S.C. § 844(i).  This type of activity presents the Court with a profound concern for the safety of the community.  Therefore, this

ORDER - 2

factor weighs in favor of detention.

As to the second factor, the weight of the evidence is the least important factor and Defendant is entitled to a presumption of innocence. However, the United States' proffer of admittance by a codefendant to the alleged offenses indicates a strong case. Therefore, this factor weighs in favor of detention.

As to the third factor, Defendant does not have an extensive criminal history, with his last conviction occurring on August 28, 1999. As to his personal characteristics, Defendant has extensive ties to the community and had been working full-time prior to his arrest. And while the Pretrial Services Report shows indicates that Defendant has exchanged threats with his codefendant, the threats from Defendant have not resulted in criminal charges. Therefore, this factor weighs in favor of release.

As to the fourth factor, while the underlying offense presents the Court with concern as to Defendant's risk of danger to the community, there are conditions which can mitigate this risk. Therefore, this factor weighs in favor of release.

The Court finds that the United States has not established by the required preponderance of evidence an absence of conditions or combination of conditions of release that would reasonably assure Defendant's presence at trial. Furthermore, the United States has not established by clear and convincing evidence that Defendant poses a present risk to the safety of other persons or the community that

ORDER - 3

cannot be mitigated by conditions or a combination of conditions of release.

Accordingly, **IT IS ORDERED:**

1.  The United States' Motion for Detention, **ECF No. 15**, is **DENIED**.

2.  If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), that party shall file a maximum four-page motion for reconsideration succinctly stating what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion object, whether a hearing is desired, and whether a supplemental pretrial services report is requested. If the moving party, after the exercise of due diligence, is unable to determine the position of opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position. This Court will treat the motion as expedited and submitted without argument, and will set a hearing or issue other orders as may be appropriate.

3.  If a party seeks review of this Order by another court pursuant to 18 U.S.C. § 3145(a), counsel shall adhere to the Detention Order Review Protocol found in LCrR 46(k).

ORDER - 4

4.  Defendant is bound over to Judge Stanley A. Bastian for further proceedings.

5.  Defendant shall abide by the following conditions at all times:

### STANDARD CONDITIONS OF RELEASE

1.  Defendant shall not commit any offense in violation of federal, state, or local (including tribal) law.  Defendant shall advise the supervising United States Probation/Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement.  Defendant shall not work for the United States government or any federal or state law enforcement agency unless Defendant first notifies the supervising United States Probation/Pretrial Services Officer in the captioned matter.

2.  Defendant shall immediately advise the Court and the United States Attorney in writing before any change in address.

3.  Defendant shall appear at all proceedings and surrender as directed for service of any sentence imposed.

4.  Defendant shall sign and complete form A.O. 199C before being released.

5.  Defendant shall not possess a firearm, destructive device, or any dangerous weapons.

ORDER - 5

6. Defendant shall report to the United States Probation/Pretrial Services Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

7. Defendant shall contact defense counsel at least once a week.

8. Defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

9. Defendant shall surrender any passport to United States Probation/Pretrial Services and shall not apply for a new passport.

10. Defendant is further advised it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to receive, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**SPECIAL CONDITIONS OF RELEASE**

1. Defendant shall remain in the Eastern District of Washington unless given permission by the United States Probation/Pretrial Services Office.

ORDER - 6

2.	Defendant shall notify the United States Probation/Pretrial Services Office within 24 hours of any change in address, telephone number, or employment.

3.	Defendant shall avoid all contact, direct or indirect, with any codefendants or persons who Defendant would reasonably know are or may become a victim or potential witness in the subject investigation or prosecution.

**IT IS SO ORDERED.**

DATED November 17, 2022.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 7