Richard R. Barker
Acting United States Attorney
Eastern District of Washington
Courtney R. Pratten
Assistant United States Attorney
402 E. Yakima Avenue, Suite 210
Yakima, Washington 98901
(509) 454-4425

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   vs.<br><br>GREGORIO CANTU,<br><br>   Defendant. | NO: 1:22-CR-2109-SAB-1<br><br>PLAINTIFF'S SENTENCING MEMORANDUM |

The United States of America, by and through Richard R. Barker, Acting United States Attorney for the Eastern District of Washington, and Courtney R. Pratten, Assistant United States Attorney, and submits the following Sentencing Memorandum. For the reasons stated below, under the applicable United States Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the United States recommends the Court impose a 60-month term of incarceration followed by

a three-year term of supervised release. Additionally, the United States recommends the Court impose joint and several restitution in the total amount of $3,811,444.24.

I. Base Offense Level and Enhancements

The Presentence Investigation Report (PSIR) provides for a total offense level of 17, and a criminal history category of I, yielding a recommended Guidelines range of 24 – 30 months. ECF 111, ¶ 90. However, the statutorily required minimum sentence is 60 months, which is greater than the recommended Guidelines range. ¶ 90. Hence, the recommended Guidelines range is a 60-month term of imprisonment. ¶ 90. The United States agrees with the Guideline calculations in the PSIR. Further, the United States does not have any objections to the PSIR.

II. Departures

The United States does not seek any departures in this matter.

The Guidelines are the starting point and the initial benchmark for the sentencing process. *Kimbrough v. United States*, 128 S. Ct. 558 (2007). The Court "take[s] into account the totality of the circumstances" to determine whether a sentence is reasonable. *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

III. Sentencing Factors Under 18 U.S.C. §3553(a)

1. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.

On June 27, 2022, Defendant and his friend, Mr. Christopher Vaughn Schlax, went to Linage Logistics warehouse, a cold-storage facility located in Grandview, Washington, and set fire to several wooden pallets. ¶ 10. The Grandview Police Department (GVPD) responded to the fire, and, with the assistance of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), discovered the fire had caused approximately $700,000.00 in damage. *Id.* It was later discovered Mr. Schlax set this fire intentionally to distract law enforcement so that he and Defendant could attempt to burglarize the Grandview Dollar Tree. ¶ 10.

Approximately one week later, on July 4, 2022, Defendant and Mr. Schlax drove to the vicinity of River Valley Fruit at 108 Birch Avenue in Grandview, Washington, with the goal of setting another fire to distract from another burglary of the Grandview Dollar Tree. ¶ 13. The fire caused significant damage to River Valley Fruit's property and resulted in River Valley Fruit's insurance company eventually settling the claim for approximately $1,500,000.00. *Id.* A few hours after responding to the fire at River Valley Fruit, GVPD responded to a reported fire at the Grandview Dollar Tree. ¶ 14. That fire resulted in the total loss of the store, as well as $4,000.00 in cash deposits. ECF ¶ 14.

On July 6 and 7, 2023, Defendant gave a statement to law enforcement. ¶ 21. He stated he was familiar with the fires in Grandview, and that he was driving around town with a friend when he saw them. ¶ 15. Only later did he acknowledge he was with Mr. Schlax on the morning of June 27, 2022, when the fire at Linage Cold Storage started. ¶ 17. He also later admitted to being with Mr. Schlax on the evening of July 4, 2022, when the second fire started. ¶ 17. Moreover, he admitted the second fire was a distraction so that Mr. Schlax could steal money from the Dollar Tree. ¶ 18. When law enforcement reviewed the contents of Defendant's phone, they were able to see text messages where Mr. Schlax asked Defendant to assist with another break-in and where he referred to Defendant as his "eyes." ¶ 20.

Defendant has very little criminal history and does not appear to have ever spent more than a week on jail. He lives with his parents and children in a residence he has occupied for approximately 30 years. ¶ 73. According to his sister, Defendant is the caregiver for his children and parents. ¶ 74. Up until Defendant was arrested and placed on pretrial supervision, he appears to have maintained steady employment and generally shown respect for the law. ¶ 80-81. However, irrespective of his lack of criminal history and his steady employment; unfortunately, in 2022 Defendant committed some very serious federal crimes. Admittedly, it was Mr. Schlax who repeatedly set the actual fires to multiple properties – but Defendant was right there with him. Sometimes he drove Mr. Schlax to the site of the fire. Sometimes he picked him up. Mr. Schlax considered him so essential that he called Defendant his "eyes."

When the two of them teamed up for their 2022 crime spree, they not only damaged property that did not belong to them, but they both were willing to risk the possibility of hurting both members of the public as well as first responders and law enforcement. Mr. Schlax and Defendant gave little to no thought to the resources they were diverting from other emergencies as law enforcement was responding to the various dangerous situations they created.

2. <u>The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, and to Provide just Punishment.</u>

Defendant's conduct was extremely serious, and he and Mr. Schlax together caused a lot of property damage through their actions. Defendant was the willing participant, and an essential part, in multiple plans to start fires to distract and divert law enforcement resources so that he and Mr. Schlax could commit other crimes. They repeatedly diverted emergency response resources from the community and repeatedly damaged the property of others. A lot of this damage was beyond repair and all of it resulted in victim businesses needing to go through the time-intensive and stressful process of filing insurance claims on damaged or destroyed property. In the case of the Dollar Tree, the conduct of both Defendant and Mr. Schlax had potential further-reaching implications for the employees and, by extension, their families who would have been affected by the Dollar Tree fire.

While Defendant has historically shown a consistent respect for the law, in 2022, Defendant showed a complete lack of respect for the law very suddenly and on multiple occasions in rapid succession.

> 3. <u>The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct and to Protect the Public from Further Crimes of the Defendant.</u>

A 60-month sentence of incarceration should be adequate to deter further criminal conduct by Defendant – as well as to deter similarly-situated defendants who are tempted set multiple fires and potentially endanger lives and/or property in the same manner. This will be the longest term of incarceration Defendant has ever faced and it will be for the most serious crimes he has ever been convicted of. It is a serious term of incarceration and one that should more than deter him from anything resembling the actions he took in June, July, and December 2022. Because the United States anticipates the sentence will act as an effective means of specific deterrence, the United States also anticipates it will effectively protect the public from further crimes Defendant may commit.

IV.

For the reasons outlined above, the United States recommends that the Court impose a sentence of 60-months incarceration. The Government further recommends this term of incarceration be followed by a three-year term of supervised release. Moreover, the Government recommends the Court impose restitution payable to the victims in the amount of $3,811,444.24.

DATED this 10th day of March, 2024.

> RICH R. BARKER
> United States Attorney
>
> */s/Courtney R. Pratten*
> Courtney R. Pratten
> Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification to the counsel of record in this case.

*/s/ Courtney R. Pratten*
Courtney R. Pratten
Assistant United States Attorney
United States Attorney's Office
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
(509) 454-4425